CHLOE SUMNER *v.* SETH SUMNER.

*Abatement. Pleading.*

A plea in abatement which depends for its support on conclusions which are the result of an inference or an argumentative demonstration, is fatally defective.

A statement in a plea in abatement, referring to the person who served the writ as a constable of a certain town, is in terms merely descriptive of the person, and is not an averment that he held that office at the time of the service of the writ, or that he served the writ in that capacity.

And the plea will derive no aid from the averment that the said person was in no way authorized and had no legal authority to serve it.

ASSUMPSIT on a promissory note. Plea in abatement, to

which the plaintiff demurred. The plea is given in the opinion of the court. At the December Term, 1862, BARRETT, J., presiding, the court adjudged the plea insufficient, to which the defendant excepted.

*Reuben R. Thrall*, for the defendant.

*V. S. Fullam*, for the plaintiff, cited Gould's Pleadings, pages 85 and 293 ; Saund. Pleadings and Ev. 1, p. 525 (429 ;) Chitty's Pleadings 1, 457 ; *Landon* v. *Roberts*, 20 Vt. 286 ; *Durand* v. *Griswold*, 26 Vt. 48 ; *Hill* v. *Powers*, 16 Vt. 516 ; *Pearson* v. *French*, 9 Vt. 349 ; *Morse* v. *Nash*, 30 Vt. 80.

KELLOGG, J. Pleas in abatement require the highest attainable accuracy and precision as well as fullness of statement, and should leave nothing to be supplied by intendment or construction. They belong to a class which is regarded as being odious, or at least as not entitled to favor, because their office and object is to defeat suits upon grounds unconnected with their merits. Hence any inaccuracy or defect, whether of substance or form, in pleas of this kind is fatal.

We regard the plea in abatement in this case as being defective in substance. The cause for abating the writ as set forth in the plea is that the writ was served on the 16th of September, 1862, "by Ervin J. Whitcomb, a constable of the town of Ludlow in the county of Windsor, and in the town of Plymouth in the county of Windsor, and not in the town of Ludlow, &c.— and avers that said Whitcomb "was not authorized by the authority signing said writ, or by any sheriff or any other authority to serve said writ. Without this, that the writ was served at any other time, or in any other manner, nor was the service of said writ accepted by the defendant in any manner." And the defendant further says that the said Whitcomb " was in no way authorized to serve said writ, and had no legal authority to serve the same, all of which will more fully and at large appear by reference to said writ." The plea concedes that the

writ was served by Whitcomb in the town of Plymouth, but avers that he was not authorized by the authority signing the writ, or by any sheriff, or any other authority, to serve the same. This averment refers, by its express terms to a special or delegated authority, and is not inconsistent with the fact that Whitcomb, at the time of the service of the writ, might have been the sheriff of the county of Windsor, or the constable of the town of Plymouth, by either of which officers this writ might have been served in the town of Plymouth. Neither is it inconsistent with the fact that Whitcomb might have been the high bailiff of the county, at the time of the service of the writ, and that the powers and duties of the office of sheriff had devolved upon him by reason of the disability of the sheriff or a vacancy in his office, and that he served this writ as high bailiff. The statement in the plea, referring to Whitcomb as a constable of the town of Ludlow is in terms merely descriptive of the person, and is not an averment that he held that office at the time of the service of the writ, or that he served the writ in that capacity. It would be only by considering these words of description as equivalent to a direct averment that he was a constable of Ludlow, at the time of the service of the writ, that we could lay a foundation for an inference that he was not then a constable of Plymouth, and a plea in abatement which depends for its support on conclusions which are the result of an inference or an argumentative demonstration is fatally defective. And the plea derives no aid from the averment that Whitcomb was in no way authorized, and had no legal authority, to serve the writ, because the proof of this averment being confined by its terms to a reference to the writ, the averment must be considered as referring to the special or delegated authority to serve the writ, which, when conferred by the magistrate signing the writ or by the sheriff, would appear in or upon the writ, and not to the general authority which belonged to the office of sheriff of the county, or of constable of the town of Plymouth, in respect to which the writ would furnish no evidence whatever. The point in question is not made by direct and positive averments, upon

which a traverse can be taken, but rests upon the aid of infer-ence and argument.

The plea being, in our judgment,·defective in substance, we find no occasion to pass upon the objections which have been urged against it in respect to its form. The judgment of the county court by which the plea was held to be insufficient is affirmed.